# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BOSTON BLACKIES OF WINNETKA, INC. | § | Case No. 09-44652 |
| ` | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on          . The case was converted to one under Chapter 7 on          . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

    5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7.  The Trustee's proposed distribution is attached as **Exhibit D**.

    8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By: /s/BRENDA PORTER HELMS, TRUSTEE_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 09-44652 | JS | Judge: JACK SCHMETTERER | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|---|
| Case Name: | BOSTON BLACKIES OF WINNETKA, INC. | | | Date Filed (f) or Converted (c): | 09/16/12 (c) |
| | ` | | | 341(a) Meeting Date: | 12/23/09 |
| For Period Ending: | 07/11/12 | | | Claims Bar Date: | 10/03/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH ON HAND | 500.00 | 0.00 | | 0.00 | FA |
| 2. BANK ACCOUNTS | 6,085.00 | 0.00 | | 2,455.85 | FA |
| 3. SECURITY DEPOSITS | 20,000.00 | 0.00 | | 0.00 | FA |
| 4. LICENSES | 2.00 | 0.00 | | 0.00 | FA |
| 5. MACHINERY, FIXTURES, AND BUSINESS E | 34,980.00 | 0.00 | | 0.00 | FA |
| 6. INVENTORY | 13,643.00 | 0.00 | | 0.00 | FA |
| 7. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.19 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $75,210.00    $0.00    $2,456.04    $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/30/12    Current Projected Date of Final Report (TFR): 12/30/12

/s/    BRENDA PORTER HELMS, TRUSTEE
_____    Date: 07/11/12
BRENDA PORTER HELMS, TRUSTEE

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 3)*    Ver: 16.06b

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 09-44652 -JS | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|
| Case Name: | BOSTON BLACKIES OF WINNETKA, INC. | | Bank Name: | BANK OF AMERICA, N.A. |
| | ` | | Account Number / CD #: | *******5767 Money Market - Interest Bearing |
| Taxpayer ID No: | *******3262 | | | |
| For Period Ending: | 07/11/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/05/11 | 2 | Boston Blackies | | 1129-000 | 2,455.85 | | 2,455.85 |
| 03/31/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.01 | | 2,455.86 |
| 04/29/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.88 |
| 05/31/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.90 |
| 06/30/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.92 |
| 07/29/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.94 |
| 08/31/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.96 |
| 09/30/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,455.98 |
| 10/31/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,456.00 |
| 10/31/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 3.13 | 2,452.87 |
| 11/30/11 | 7 | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.02 | | 2,452.89 |
| 11/30/11 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 3.02 | 2,449.87 |
| 12/28/11 | 7 | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.02 | | 2,449.89 |
| 12/28/11 | | Transfer to Acct #*******6180 | Final Posting Transfer | 9999-000 | | 2,449.89 | 0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | 2,456.04 | 2,456.04 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 2,449.89 | |
| Subtotal | 2,456.04 | 6.15 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 2,456.04 | 6.15 | |

Page Subtotals 2,456.04 2,456.04

LFORM24 UST Form 101-7-TFR (5/1/2011) *(Page: 4)* Ver: 16.06b

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2
Exhibit B

| Case No: | 09-44652 -JS | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|
| Case Name: | BOSTON BLACKIES OF WINNETKA, INC. | Bank Name: | BANK OF AMERICA, N.A. |
| | ` | Account Number / CD #: | *******6180  Checking - Non Interest |
| Taxpayer ID No: | *******3262 | | |
| For Period Ending: | 07/11/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/28/11 | | Transfer from Acct #*******5767 | Transfer In From MMA Account | 9999-000 | 2,449.89 | | 2,449.89 |
| 12/29/11 | 001001 | Illinois Department of Revenue | post petition taxes | 6950-000 | | 753.13 | 1,696.76 |
| 01/20/12 | | GE Capital Franchise Finan | 12/30/11 wire to secured creditor 12/30/11 wire transfer to secured creditor per court order 12/11 | 4210-000 | | 1,696.76 | 0.00 |
| * 01/20/12 | 001002 | GE Capital Franchise Finan | 12/30/11 Wire to secured creditor 12/30/11 wire transfer to secured creditor per court order 12/11 | 4210-003 | | 1,696.76 | -1,696.76 |
| * 01/20/12 | 001002 | GE Capital Franchise Finan | 12/30/11 Wire to secured creditor posted in error | 4210-003 | | -1,696.76 | 0.00 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 2,449.89 | 2,449.89 | 0.00 |
| Less: Bank Transfers/CD's | 2,449.89 | 0.00 | |
| Subtotal | 0.00 | 2,449.89 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 0.00 | 2,449.89 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market - Interest Bearing - ********5767 | 2,456.04 | 6.15 | 0.00 |
| Checking - Non Interest - ********6180 | 0.00 | 2,449.89 | 0.00 |
| | 2,456.04 | 2,456.04 | 0.00 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    2,449.89    2,449.89

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

LFORM24

Ver: 16.06b

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3
Exhibit B

| Case No: | 09-44652 -JS | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|
| Case Name: | BOSTON BLACKIES OF WINNETKA, INC. | | Bank Name: | BANK OF AMERICA, N.A. |
| | ` | | Account Number / CD #: | *******6180  Checking - Non Interest |
| Taxpayer ID No: | *******3262 | | | |
| For Period Ending: | 07/11/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Trustee's Signature:  /s/  BRENDA PORTER HELMS, TRUSTEE    Date: 07/11/12
BRENDA PORTER HELMS, TRUSTEE

Page Subtotals         0.00         0.00

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-44652
Case Name: BOSTON BLACKIES OF WINNETKA, INC.
`
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

    Balance on hand    $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 14 | RBS Citizens | $ | $ | $ | $ |
| 15 | GECC | $ | $ | $ | $ |

    Total to be paid to secured creditors    $_____

    Remaining Balance    $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Fees: Office of U.S. Trustee | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____

    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Illinois Dept of Revenue | $ | $ | $ |
| 7 | Illinois Dept of Employment Security | $ | $ | $ |
| 21 | Dept of Treasury | $ | $ | $ |
| 22 | Illinois Dept of Revenue | $ | $ | $ |
| 27 | Illinois Dept of Revenue | $ | $ | $ |

Total to be paid to priority creditors             $_____

Remaining Balance                                  $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | Illinois Dept of Revenue | $ | $ | $ |
| 2 | TriMark Marlinn, Inc. | $ | $ | $ |
| 3 | Southern Wine & Spriits of illinois | $ | $ | $ |
| 4 | Sysco Chicago Inc. | $ | $ | $ |
| 5 | A New Dairy | $ | $ | $ |
| 6 | Illinois Dept of Employment Security | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7A | Illinois Dept of Employment Security | $ | $ | $ |
| 8 | American Express Bank | $ | $ | $ |
| 9 | Rally Capital Services | $ | $ | $ |
| 10 | Vienna Beef | $ | $ | $ |
| 11 | Mark Solomon | $ | $ | $ |
| 12 | United Investors | $ | $ | $ |
| 13 | Alpha Baking Company | $ | $ | $ |
| 14A | RBS Citizens | $ | $ | $ |
| 16 | CoActiv Capital Partners | $ | $ | $ |
| 17 | David Ofman | $ | $ | $ |
| 19 | Morgan & Bley | $ | $ | $ |
| 20 | Morgean & Bley | $ | $ | $ |
| 21A | Dept of Treasury | $ | $ | $ |
| 22A | Illinois Dept of Revenue | $ | $ | $ |
| 24 | U.S. Foodservice | $ | $ | $ |
| 25 | Wirtz Beverage Illinois | $ | $ | $ |
| 26 | Supreme Lobster | $ | $ | $ |

Total to be paid to timely general unsecured creditors　　$_____

Remaining Balance　　$_____

Tardily filed claims of general (unsecured) creditors totaling $　　have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be　　percent.

Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE